**JON FALLON, ESQ. (JF2851)**
**MANDELBAUM SALSBURG P.C.**
*ATTORNEYS FOR PLAINTIFF*
155 PROSPECT AVENUE
WEST ORANGE, NEW JERSEY 07052
973.736.4600 (MAIN OFFICE)
732.637.9733 (DIRECT)
jfallon@msgld.com (EMAIL)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------X

ARCHTECH ELECTRONICS
CORPORATION;

      **Plaintiff,**

  v.                                         **Civil Action No.:** _____

**PLATINUM TOOLS, INC.;**
**JOHN SMITH, an individual; and**          **COMPLAINT AND DEMAND**
**ABC COMPANIES;**                               **FOR JURY TRIAL**

      **Defendants.**

-----------------------------------------------------------X

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                                    Electronically filed via ECF: April 24, 2013


COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Archtech Electronics Corporation (hereinafter "Archtech"), by and through its counsel, Jon Fallon, Esq., of Mandelbaum Salsburg, P.C., complain against Platinum Tools, Inc., John Smith, and ABC Companies, and alleges upon knowledge as to itself and otherwise upon information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action for (1) Patent Infringement under 35 U.S.C. § 271(a), (2) Unfair Competition under 15 U.S.C. § 1125 (a), and (3) Unfair Competition under New Jersey Common Law.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over all causes of actions set forth herein based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and pursuant to the supplemental jurisdiction of this Court for all non-federal causes of action under 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, (a) Defendant Platinum Tool having numerous business relations within the state of New Jersey and conducting regular and continuous business transactions therewith, giving it the requisite minimum contacts with the state required to be subject to jurisdiction therein; (b) commission of tortious acts by all Defendants within the State of New Jersey and within this Judicial District; and (c) regular and continuous transaction of business, including the

Case 3:13-cv-02643-PGS-TJB   Document 1   Filed 04/24/13   Page 3 of 13 PageID: 3

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                    *Electronically filed via ECF: April 24, 2013*

      tortious acts complained of herein, within the State of New Jersey and within this Judicial District.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and (c).

**THE PARTIES TO THE COMPLAINT**

5. Plaintiff Archtech Electronics Corporation ("Archtech") is a New Jersey Corporation with its principal place of business at 117 Docks Corner Road, Suite A, Dayton, New Jersey 08810.

6. Defendant Platinum Tools, Inc. ("Platinum") is believed to be a California Corporation, having a principal place of business at 806 Calle Plano, Camarillo, CA 93012.

7. Defendant John Smith is a fictitious persons or entity whose present identity and address is unknown, who has also violated Plaintiffs' rights as set forth herein, or who assisted, conspired, or otherwise cooperated with the other Defendants in the acts complained of herein.

8. Defendants ABC Companies are fictitious entities whose present identity and address is unknown, who have also violated Plaintiffs' rights as set forth herein, or who assisted, conspired, or otherwise cooperated with the other Defendants in the acts complained of herein.

**BACKGROUND**

9. On August 24, 2009, Paul Foung, Vice President of Archtech, filed a patent application with the United States Patent and Trademark Office ("USPTO"),

Case 3:13-cv-02643-PGS-TJB   Document 1   Filed 04/24/13   Page 4 of 13 PageID: 4

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                           *Electronically filed via ECF: April 24, 2013*

entitled "Connector Locking Device," which was granted United States Application Serial No. 12/546,270 (the "'270 application"). During normal course of prosecution of the patent application at the USPTO, the claims therein were restricted into two sets, a first set directed to a self-releasing connector locking device, and a second set directed to a keyed-release connector locking device. The first set of claims directed to a self-releasing connector locking device remained in the '270 application, were successfully prosecuted, and were issued on February 22, 2011 in United States Patent No. 7,892,012 (the "'012 Patent"). *See Exhibit 1.* The second set of claims were filed in a divisional application, claiming priority to the '270 application, on February 7, 2011, which was granted United States Application Serial No. 13/022,400 (the "'400 application"). The '400 application was successfully prosecuted and the claims therein were issued on July 12, 2011 in United States Patent No. 7,976,329 (the "'329 Patent"). *See Exhibit 2.*

10. Archtech is the exclusive owner, by assignment, of the '012 Patent and the '329 Patent, and has the right to sue and recover damages for infringement thereof.

11. On or about March 1, 2010, Archtech, through its market brand, NTW, began selling commercial embodiments of the claimed inventions in the '012 Patent and the '329 Patent, while such patents were pending, under the product brand name net-Lock™ ("net-Lock"). A copy of a press release thereof is

Case 3:13-cv-02643-PGS-TJB   Document 1   Filed 04/24/13   Page 5 of 13 PageID: 5

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                    *Electronically filed via ECF: April 24, 2013*

attached hereto as *Exhibit 3*. Archtech properly marks all its net-Lock products in accordance with 35 U.S.C. § 287.

12. Defendant Platinum is a manufacturer and provider of data and telecommunications products. Platinum manufactures many of its products in the United States, including products related to the preparation, installation and hand termination of wire and cable.

13. As early as February 27, 2013, Platinum began offering for sale and selling such a nearly identical product to Archtech's net-Lock products, as a line of commercial products under the brand name EZ DataLock ("Datalock"), which it introduced to the market through a variety of press releases. An exemplary press release is attached hereto as *Exhibit 4*.

14. Upon receiving such press releases in March, Archtech sought to obtain more information on Platinum's Datalock products, which Platinum has readily available on its website (www.platinumtools.com) in the form of a downloadable product guide for its Datalock products. A copy of the downloadable product guide is attached hereto as Exhibit 5.

15. Shortly thereafter, Archtech analyzed each of the Dataock products, in view of the claims of its '329 Patent, and found each product to comprise each of the elements of nearly all of the claims of the '329 Patent. Accordingly, hereinafter, each of the Datalock products shall collectively be referenced as the "Infringing Products."

Case 3:13-cv-02643-PGS-TJB   Document 1   Filed 04/24/13   Page 6 of 13 PageID: 6

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                           *Electronically filed via ECF: April 24, 2013*

## FIRST CAUSE OF ACTION

## DIRECT PATENT INFRINGEMENT UNDER 35 U.S.C. 271(a)

16. Paragraphs 1 through 15 are realleged and incorporated herein by reference.

17. The claims of the '329 Patent are presumed valid pursuant to 35 U.S.C. § 282, and are valid.

18. Platinum, in violation of 35 U.S.C. § 271(a), has infringed and is currently infringing, contributorily infringing and/or inducing a third party to infringe, at least one or more of the claims of the '329 Patent, either literally or under the Doctrine of Equivalents, by causing to be made, using, offering to sell, selling and/or importing into the United States, without license or authority, within this Judicial District and elsewhere, the Infringing Products, which are covered by at least one of the claims of the '329 Patent, and/or contributing towards and/or inducing a third party to do the same.

19. In particular, each of the Infringing Products embodies a keyed-release connector locking device comprising: a locking tongue support for supporting a locking tongue of a connector, the locking tongue of the connector consisting of a member biased about a front of the connector on a top surface thereof, extending towards a rear of the connector; a first retaining mechanism for engaging a portion of a body of a terminal, the body of the terminal comprising a structure having a housing on a top surface thereof for receiving the first retaining mechanism; a key-accessible release arm for releasing the first retaining mechanism from the portion of the body of the

Case 3:13-cv-02643-PGS-TJB   Document 1   Filed 04/24/13   Page 7 of 13 PageID: 7

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                    *Electronically filed via ECF: April 24, 2013*

terminal when pivotably engaged; and a key having a first release prong for engaging the key-accessible release arm, as recited by at least claim 1 of the '329 Patent.

20. The Infringing Products further embody each of the remaining elements recited by claims 2 – 17 of the '329 Patent.

21. Platinum intentionally caused to be made, used, offered to sell, sold and/or imported into the United States the Infringing Products, with actual knowledge, and/or knowledge imputed to it by others, that such products embody at least one of the claims of the '329 Patent.

22. Platinum has willfully infringed, and upon information and belief, will continue to infringe, the claims of the '329 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Infringing Products.

23. As a result of Platinum's actions, Archtech has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## SECOND CAUSE OF ACTION

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

24. Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. Archtech has expended significant resources promoting its ownership of the '329 Patent, and the exclusive rights to the technology covered by the claims therein. In view of the associated niche market, most persons and businesses

Case 3:13-cv-02643-PGS-TJB   Document 1   Filed 04/24/13   Page 8 of 13 PageID: 8

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                    *Electronically filed via ECF: April 24, 2013*

in the telecommunications industry are aware of Archtech's patented technology and its rights under the '329 patent.

26. The Defendants' collective actions regarding the Infringing Products, as described herein, are likely to have misled, and will continue to mislead many persons in the telecommunications industry to believe the Defendants have received permission, license, or other consent from Archtech to make, use, sell, offer for sale, or import into the United States, the Infringing Products.

27. The Defendants' use of the Infringing Products, through sale, offering for sale, and the like, is likely to deceive relevant consumers in the telecommunications industry as to the Defendants' affiliation with Archtech, or as to a sponsorship or an approval of the Infringing Products by Archtech.

28. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of unfair competition as set forth in the Lanham Act, thereby deceiving the public, trading on the exclusive rights granted to Archtech in the form of the '329 patent, and causing Archtech immediate and irreparable harm, damage and injury.

29. As a result of the Defendants' collective actions, Archtech has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

Case 3:13-cv-02643-PGS-TJB   Document 1   Filed 04/24/13   Page 9 of 13 PageID: 9

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                                *Electronically filed via ECF: April 24, 2013*

## **THIRD CAUSE OF ACTION**

### **UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW**

30. Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31. The aforementioned collective acts of the Defendants constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

32. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey , thereby deceiving the public, trading on the exclusive rights granted to Archtech in the form of the '329 patent, and causing Archtech immediate and irreparable harm, damage and injury.

33. As a result of the Defendants' collective actions, Archtech has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against each of the defendants as follows:

A. a permanent injunction restraining Defendants, their respective officers, agents, servants, employees, attorneys, and those in active concert or participation with them, or any of them who receive actual notice of the order by personal service or otherwise, from:

Case 3:13-cv-02643-PGS-TJB   Document 1   Filed 04/24/13   Page 10 of 13 PageID: 10

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*   *Electronically filed via ECF: April 24, 2013*

    1. making, using, selling, offering for sale, or importing into the United States, the Infringing Products; and

    2. assisting or inducing others to make, use, sell, offer for sale, or import into the United States, the Infringing Products;

B. an award of damages for Defendants' acts of liability under 35 U.S.C. § 271, in accordance 35 U.S.C. § 284, and in particular, an award of damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the Infringing Products, together with interest and costs as fixed by the Court;

C. an award of increased damages under 35 U.S.C. § 284, including three times the amount found or assessed in paragraph (B) above;

D. an award of damages inclusive of any actual damages suffered by Plaintiff as a result of Defendants' liability stated hereinabove, including arising out of Defendants' liability arising out of Counts I – III, and other Counts that may be added at a later date once additional information is obtained;

E. an award of damages from Defendants for their liability under § 43(a) of the Lanham Act, including any profits made by Defendants in connection with its unlawful activity, any damages sustained by Plaintiff as a result of Defendants' unlawful activity, and any costs incurred with pursuing this Action, including Court costs, attorney's fees, and additional costs related thereto, pursuant to 15 U.S.C. § 1117(a);

Case 3:13-cv-02643-PGS-TJB   Document 1   Filed 04/24/13   Page 11 of 13 PageID: 11

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                    *Electronically filed via ECF: April 24, 2013*

F. an award of all damages incurred, directly or indirectly, as a result of Defendants' unlawful acts set forth herein, said damages to be trebled at the discretion of the Court pursuant to N.J.S.A. 56:4-2;

G. a determination by the Court that Defendants' unlawful actions set forth herein are exceptional, warranting an award of damages to Plaintiffs for all reasonable attorney's fees incurred by Plaintiffs, pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a);

H. an award of prejudgment and post-judgment interest and costs of suit;

I. an award of punitive damages in an amount to be determined by the Court, but not less than $500,000.00, for Defendant's deliberate and willful acts;

J. an award of actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action; and

K. an award of any such other and further relief as this Court deems just and equitable.

Respectfully submitted,

Date: April 24, 2012                By: /s/   Jon Fallon            /

**JON FALLON, ESQ. (JF2851)**
**MANDELBAUM SALSBURG P.C.**
*ATTORNEYS FOR PLAINTIFF*
155 PROSPECT AVENUE
WEST ORANGE, NEW JERSEY 07052
973.736.4600 (MAIN OFFICE)
732.637.9733 (DIRECT)
jfallon@msgld.com (EMAIL)

<u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither plaintiff nor plaintiff's attorney is aware of any other action pending in any court, or any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,

Date: April 24, 2012                By:<u>/s/   Jon Fallon                /</u>

**JON FALLON, ESQ.  (JF2851)**
**MANDELBAUM SALSBURG P.C.**
*ATTORNEYS FOR PLAINTIFF*
155 PROSPECT AVENUE
WEST ORANGE, NEW JERSEY 07052
973.736.4600 (MAIN OFFICE)
732.637.9733 (DIRECT)
jfallon@msgld.com (EMAIL)

*Archtech Electronics. Corp. v. Platinum Tools, Inc., et al.*
*Complaint and Demand for Jury Trial*                                         *Electronically filed via ECF: April 24, 2013*

<u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 7.1</u>

The undersigned hereby certifies, pursuant to Local Civil Rule 7.1, that with respect to the matter in controversy herein, Plaintiff does not have any parent corporation, nor have any publicly held corporation owning 10% or more of its stock.

Respectfully submitted,

Date: April 24, 2013                By:<u>/s/   Jon Fallon                    /</u>

**JON FALLON, ESQ.  (JF2851)**
**MANDELBAUM SALSBURG P.C.**
*ATTORNEYS FOR PLAINTIFF*
155 PROSPECT AVENUE
WEST ORANGE, NEW JERSEY 07052
973.736.4600 (MAIN OFFICE)
732.637.9733 (DIRECT)
jfallon@msgld.com (EMAIL)